People v Ortega (2024 NY Slip Op 02474)

People v Ortega

2024 NY Slip Op 02474

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

974 KA 20-01192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARLOS ORTEGA, JR., DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered September 3, 2020. The judgment convicted defendant upon a plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that his waiver of the right to appeal is invalid and that the sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Ahmed, 188 AD3d 1626, 1626 [4th Dept 2020]) and thus does not preclude our review of his challenge to the severity of the sentence (see People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]), we conclude that the sentence is not unduly harsh or severe.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court